UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| ANDREDA GOLDEN, | ) | |
| Plaintiff, | ) ) ) | NO.   CV-11-0182-WFN |
| -vs- | ) ) | ORDER |
| WEST CORPORATION d/b/a WEST CUSTOMER MANAGEMENT GROUP, LLC, | ) ) ) ) ) | |
| Defendants, | ) ) | |

Pending before the Court is Defendant's Motion for Summary Judgment (ECF No. 18). Defendant seeks summary judgment on all three of Plaintiff's claims: (1) racial harassment/ hostile work environment; (2) unlawful retaliation; and (3) negligent hiring, supervision and/or retention. The Court has reviewed the filings and the file and is fully informed. For the reasons stated below, the Court grants Defendant's Motion for Summary Judgment.

**FACTS**

Defendant West Corporation [West] hired Plaintiff as a customer service representative in May, 2008. Her job duties primarily involved handling customer service phone calls for AT&T accounts. Plaintiff received numerous Performance Improvement Notices [PINs] based on assessments performed by West. Plaintiff does not contest the accuracy of the allegations in the PINs, nor does she contend that any were issued based on racial animus. More than one PIN alerted Plaintiff to the fact that her poor job performance may lead to termination. West terminated Plaintiff on December 31, 2009.

ORDER - 1

1    During the course of Plaintiff's employment, until the last couple of weeks, Darwin
2 McMurtrey was Plaintiff's direct supervisor.  Another supervisor, Mr. McMahon made
3 three inappropriate racial comments.  The first was in August or September of 2008, the
4 second in the summer of 2009, and the last in late-November or early December of 2009.
5 Plaintiff reported one, possibly two of the comments.

## SUMMARY JUDGMENT STANDARD

7    A party is entitled to summary judgment where the documentary evidence produced
8 by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
9 250 (1986).  The party seeking summary judgment must show that no genuine issue of
10 material fact exists and that he is entitled to judgment as a matter of law by "pointing out"
11 to the court that there is an absence of evidence to support the non-moving party's case.
12 *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A material issue of fact is one that
13 affects the outcome of the litigation and requires a trial to resolve the parties' differing
14 versions of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  The
15 court must construe all facts in favor of the non-moving party and all justifiable inferences
16 are also to be drawn in his/her favor. *Anderson*, 477 U.S. at 255.

17    The party opposing summary judgment must go beyond the pleadings to designate
18 specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v.
19 United States*, 578 F.2d 261, 263 (9th Cir. 1978) (genuine issues are not raised by
20 mere conclusory allegations).  The non-moving party may do this by use of affidavits
21 (including his own), depositions, answers to interrogatories and admissions. *Celotex*,
22 477 U.S. at 323-24.  There is no issue for trial "unless there is sufficient evidence favoring
23 the non-moving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at
24 249.  Thus, "a scintilla of evidence" in support of the non-moving party's position
25 will be insufficient. *Id.* at 252.  Summary judgment is also required against a party who
26 fails to make a showing sufficient to establish an essential element of a claim, even if

ORDER - 2

there are genuine factual disputes regarding other elements of the claim. *Celotex*, 477 U.S. at 322-23.

**DISCUSSION**

The three inappropriate comments by Mr. McMahon, made over the span of seventeen months, were insufficient to create a hostile work environment. To support a claim of hostile work environment under WLAD or Title VII, Plaintiff must show:

(1) she was subjected to verbal or physical harassment because of her race;
(2) the harassment was unwelcome; and
(3) the harassment was sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment.

*Dawson v. Entek Intern.,* 630 F.3d 928, 938 (9th Cir. 2011). She "must show that a reasonable person would find the work environment to be hostile or abusive, and that [s]he in fact did perceive it to be so." *Faragher v. City of Boca Raton,* 524 U.S. 775, 787 (1998). "In analyzing whether the alleged conduct created an objectively hostile work environment, we must assess all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Dominguez-Curry v. Nevada Transp. Dept.,* 424 F.3d 1027, 1034 (9th Cir. 2005). Title VII is not a general civility code. A violation is not established merely by evidence showing sporadic use of abusive language, [. . . ] jokes, and occasional teasing." *E.E.O.C. v. Prospect Airport Services, Inc.* 621 F.3d 991, 998 (9th Cir. 2010). "One act, even by a supervisor, is insufficient to make a showing of severe or pervasive harassment sufficient to alter the conditions of employment. *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 115, 122 S.Ct. 2061, 2073 (2002). Plaintiff's claim fails as a matter of law because the harassment was not severe or pervasive.

The parties agree to the legal requirements of a prima facie claim for retaliation. Defendant argues that Plaintiff cannot prevail because she fails to present any evidence that

ORDER - 3

1 her protected activity was a substantial factor in the decision to terminate her; or that the
2 stated reason for her termination, poor job performance, was a pretext.  The parties agree
3 that evidence of pretext must be specific and substantial to withstand summary judgment.
4 "[T]he employee must demonstrate such weaknesses, implausibilities, inconsistencies,
5 incoherencies, or contradictions in the employer's proffered legitimate reasons for its action
6 that a reasonable factfinder could rationally find them unworthy of credence . . . and hence
7 infer that the employer did not act for the . . .  non-discriminatory reasons." *Department*
8 *of Fair Employment and Housing v. Lucent Technologies, Inc.* 642 F.3d 728, 746 (9th
9 Cir. 2011).  Deviation from normal policy of how other employees are treated is sufficient
10 for showing pretext.  See *Earl v. Nielsen Media Research, Inc.,* 658 F.3d 1108, 1113 - 14
11 (9th Cir. 2011).

12      Defendant has proffered a legitimate business purpose for firing Plaintiff, that her
13 job performance was inadequate.  Plaintiff argues two facts support pretext.  First, the
14 performance evaluations supporting Plaintiff's discharge included words that her direct
15 supervisor, Mr. McMurtrey, had not included in his original report and, second, Mr. Strong
16 told Mr. McMurtrey to increase his scrutiny over Ms. Golden, indicating "She is going to
17 be out."

18      In addition, Plaintiff included an affidavit from Mr. McMurtrey which suggests that
19 the typical protocol was not adhered to in the case of Plaintiff's discipline and ultimate
20 termination, but does not provide specifics. In discussing the reporting of the racial slur, Mr.
21 McMurtrey stated "I thought it was strange that I was not interviewed about what I had
22 observed and heard," but does not indicate what the company policy on that issue was and
23 whether he was typically interviewed when making reports of inappropriate comments.
24 Further, he states, "at one point after my report of the racial slur, Mr. Strong stated in
25 referring to Ms. Golden 'she is going to be out'" but he provides no context to the comment,
26 making it difficult to find that the evidence provided is sufficiently specific to withstand

ORDER - 4

summary judgment. He indicates that he believed Plaintiff was subjected to heightened scrutiny as compared with other employees, but provides no specific information, such as the disciplinary history of those employees or their performance ratings. In his most concerning allegation, Mr. McMurtrey implies that the normal policy was not followed when addressing disciplinary issues for Plaintiff when he states, "While I was team leader if there was employee [sic] who deserved to be considered for discipline because of performance issues, I was asked for my input whether discipline was warranted. In the Ms. Golden's case [sic] I was not consulted . . . I was directed to put in things in my evaluation of Ms. Golden's performance by Mr. Strong that I did not feel were correct." This allegation is probably the most substantial allegation, because he included a general description of the normal practice. However, the claim is confusing because it lacks specificity. First, he does not indicate how his input on discipline was ignored. By singling out certain comments as not being his own words, Mr. McMurtrey implies that he initiated and drafted the disciplinary notices, save the highlighted portions, by himself. Thus, it is clear his input was the driving force behind the discipline, unless he is making reference to Plaintiff's ultimate termination, which he would not have had a say about as he was not her supervisor at the time of her termination. The lack of specificity of his claims makes it impossible for Plaintiff to survive a summary judgment motion.

Since the facts underlying Plaintiff's negligent supervision claim are identical to those supporting the other claims, Plaintiff's negligent supervision claim fails as a matter of law. Since double recovery is not permissible for claims arising out of the same facts, duplicative claims must be dismissed, unless "plaintiff alleges that non-discriminatory conduct caused separate emotional injuries." *Francom v. Costco Wholesale Corp.*, 98 Wash. App. 845, 865 (2000). Though Plaintiff argues that her claim "goes beyond the racial comments made by Mr. McMahon, is also based upon the nonracial aspects of Mr. McMahon's attitude toward her," Plaintiff's Complaint clearly states that the third claim is based on West's "negligent

ORDER - 5

hiring, supervising, and/or retaining Jonathan McMahon who was incompetent and unfit for employment *based on his racial comments*." (ECF No. 1, emphasis added). Consequently, Plaintiff's third claim must be dismissed as duplicative.

In conclusion, the facts alleged by Plaintiff are insufficient to support her claims, thus the Defendant's Motion for Summary Judgment shall be granted. Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion for Summary Judgment, filed December 2, 2012, **ECF No. 18**, is **GRANTED**.

2. Defendant's Objections to Declaration, filed January 17, 2012, are **OVERRULED**.

3. The claims are **DISMISSED WITH PREJUDICE** and without costs to either party.

4. All pending motions are **DENIED AS MOOT**.

The District Court Executive is directed to file this Order, enter judgment in favor of the Defendant, and provide copies to counsel.

**DATED** this 8th day of February, 2012.

s/ Wm. Fremming Nielsen
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

02-02-12

ORDER - 6